{¶ 20} I concur in the affirmance of the trial court's judgment. I write separately because I disagree with the majority's statement that a decision to modify, affirm, or reverse a magistrate's decision lies within the discretion of the trial court. Although that is sometimes true, it is not always true. The applicable standard of review depends upon the specific issue presented on appeal. For example, a trial court does not have discretion to affirm a magistrate's decision if that decision is based upon an incorrect interpretation of Ohio law. If a trial court overrules an objection in which a party has argued that a magistrate misapplied Ohio law, the standard of review on appeal to this Court is de novo.
 {¶ 21} In this case, the applicable standard of review is of no consequence. At paragraph 25 of the magistrate's decision, he wrote that, on cross examination, Mr. Bratanov "acknowledged that he was obligated to pay Plaintiff's invoice." In view of the fact that Mr. Bratanov failed to file a transcript of the hearing before the magistrate, this Court must accept the magistrate's statement as true. *Page 10 
Inasmuch as Mr. Bratanov acknowledged that he was responsible for the charge at issue, I concur in the majority's affirmance of the trial court's judgment against him for the amount of that charge. *Page 1